**ERVING LACAMBRA, Petitioner**

v.

**MANUIA LACAMBRA, Respondent**

High Court of American Samoa
Trial Division

DR No. 30-95

June 20, 1995

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Petitioner, Barry I. Rose
For Respondent, Afoa Moega Lutu

Order on Motion to Amend Answer:

The petition filed herein alleges, among other things, the physical beatings of petitioner ("husband") by respondent, ("wife") as constituting habitual cruelty and ill usage warranting a decree of divorce under A.S.C.A. § 42.0202(2). Wife's answer, on the other hand, while containing allegations of marital misconduct on the part of husband, fails to pray for

114

divorce. Counsel for wife advised the court that his client was not seeking a divorce and opposed the petition.

This matter came on regularly for hearing on June 19, 1995, upon wife's motion for leave to amend her answer on file with the Clerk pursuant to T.C.R.C.P. 15(a). The proposed amendment seeks to further allege that husband's marital misconduct was the root of "fist fights and arguments between the parties."

Husband's response is that any defenses alluding to his alleged marital misconduct, are either "immaterial, impertinent, or scandalous," warranting not only a denial of the motion to amend, but also the striking of such allegations from the original answer, pursuant to the provisions of T.C.R.C.P. 12(f). Because wife is not seeking a divorce, husband argues that her allegations of misconduct can have no bearing whatsoever on the subject matter of the action, a divorce.

In reply, counsel for wife argues that husband's marital misconduct does have a bearing on the very grounds for the divorce sought, as husband's misconduct was in actuality the cause of "fights and arguments between the parties."

## DISCUSSION

At first blush, we are inclined to agree with husband's argument in light of the fact that the defense of recrimination is no longer available in American Samoa. *See* Pub. L. No. 23-04 (1993).[1] It would seem arguable, therefore, that any evidence of marital misconduct on the part of husband would be entirely irrelevant, since wife does not herself seek a divorce.

While this argument certainly has appeal within context of the original *answer, the proposed amended answer alleging husband's marital* misconduct as being the source of fist fights and arguments between the parties may be viewed as sufficiently noticing a defense of provocation

---

[1] Public Law 23-04 repealed A.S.C.A. § 42.0206(a)(5), which required the court to dismiss a petition for divorce if the petitioner was found guilty of any of the grounds for divorce or separation.

to the charge of habitual cruelty and ill usage.[2] Under T.C.R.C.P. 15, "leave [to amend pleadings] shall be freely given when justice so requires." A Rule 12(f) motion to strike in this case seems to go contrary to the policy of notice pleading and liberal construction underlying the Trial Court's Rules Civil Procedure.

■ One test that has been advanced for determining whether an allegation is immaterial and impertinent, within the meaning of Rule 12(f), is whether proof concerning that allegation could be received at trial. 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 1382, 711-12. As we alluded to above, we believe that such proofs may be received on the issue of provocation, and that the challenged allegations may thus be considered and passed upon by the court. In this regard, we must also reject husband's "scandalous" based challenge. For purposes of Rule 12(f), it is not enough that the matters complained of merely offend the husband's sensibilities if they relate to issues relevant to the defense. *Id.* at 714. At the same time, any concerns that husband may harbor about undue prejudice arising from the derogatory nature of the allegations he finds offensive are not compelling in light of the fact that this matter will not be submitted to a jury but tried to the court.

For reasons given, the motion to amend is granted.

It is so ordered.

---

[2] The defense of provocation in divorce law prevents a complaining party from asserting a cause of action based upon cruelty when that cruelty is provoked and brought on by the complainant, provided that the provoked response was not out of proportion to the provocation. *Miller v. Miller*, 82 S.E.2d 119 (S.C. 1954); *see generally* 24 Am. Jur. 2d, Divorce & Separation, § 168.

As to whether provocation is available in the territory as a defense to cruelty, this issue should be appropriately presented and briefed as a ruling thereon could be dispositive of the case. At this time, we are not disposed to take up this issue *sua sponte*.